UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| CHURCHILL FUNDING I, LLC, | |
|---|---|
| Plaintiff, | Civil Action No. |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| EASY FINANCIAL, LLC, | |
| Defendant. | |

Plaintiff, Churchill Funding I, LLC ("Plaintiff" or "Churchill"), by and through its attorneys Moore & Van Allen LLP and Davidoff Hutcher & Citron LLP, brings the following Complaint against Defendant Easy Financial LLC ("Defendant" or "Easy Financial"). The allegations of the Complaint are based on the knowledge of Churchill, and on information and belief, including the investigation of counsel and review of publicly available information. Plaintiff alleges as follows:

## **BACKGROUND**

1. This action concerns Easy Financial's various defaults and breaches under a Master Mortgage Loan Purchase Agreement, dated June 10, 2020 (the "Agreement").[1] Under the Agreement, Easy Financial made numerous representations and warranties related to the rights and interests in Mortgage Loans that it would offer for sale to Churchill, including that the properties underlying the Mortgage Loans are unencumbered and that Churchill's loan would be senior to any other loan related to the mortgaged property.

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Agreement which is attached hereto as Exhibit 1.

2. Following execution of the Agreement, parties engaged in numerous Transactions, including a Mortgage Loan related to a property located 1376 Church Street, San Francisco, California (the "Church Street Property"), 2410 8th Avenue, Los Angeles, California (the "8th Avenue Property"), and 3223 West 83rd Street, Inglewood, California (the "83rd Street Property") (collectively, the "Properties") in March 2022.

3. In or about November 2022, it was discovered that Easy Financial and its Managing Member, Mr. Benjamin Donel ("Donel"), was engaged in flagrant and fraudulent breaches of the Agreement by orchestrating a shell game wherein a number of borrowers Easy Financial loaned money to were in default of their loans at the time Easy Financial sold the loans to Churchill.

4. It was also discovered that at the time that certain loans were purchased by Churchill, under the Agreement, the borrower was not making the monthly payments. Instead, Mr. Donel was hiding the defaults by making interest payments on behalf of the borrowers and making it look like the borrowers were making the payments.

5. Upon learning of this fraudulent scheme, Churchill began to investigate the Loan Mortgages it purchased and found that the loan related to the Church Street Property had previously been assigned in 2019 – three years before Easy Financial allegedly sold the loan to Churchill.

6. Based on this assignment in 2019, Easy Financial was in breach of the representations and warranties sections of the Agreement.

7. In addition, under the terms of the Agreement, if a Mortgagor fails to pay the first or second monthly payment due to Churchill after Churchill has purchased the loan, Easy Financial is required, upon notice, to repurchase the loan. In or about February 2023, it was discovered that

the Mortgagor for the Properties, had been delinquent in their first or second monthly payments, in that Mr. Donel had made these payments on behalf of the Mortgagors.

8. On March 1, 2, and 3, 2023, Churchill notified Easy Financial of these defaults and breaches and demanded that it, pursuant to the terms of the Agreement, repurchase the Mortgage Loans for each of the Properties. In addition, Churchill advised that until the loans have been repurchased that it will suspend any and all payments, including interest payments, that are required under the Agreement.

9. As of the date of the filing of this action, Easy Financial has refused to repurchase the three loans.

**PARTIES**

10. Plaintiff Churchill Funding I, LLC, is a Delaware Limited Liability Company, with offices located at 101 West Worthington, Suite 210, Charlotte, North Carolina 28203.

11. The members of Churchill are:

    a. An individual, Sorabh Maheshwari, a resident of New York

    b. An individual, Stephen Travis Masters, a resident of North Carolina

    c. An individual, Just Erhich, a resident of New York

    d. An individual, Derrick Land, a resident of North Carolina

12. Defendant Easy Financial LLC, is a Nevada Limited Liability Company, headquartered at 6125 Washington Boulevard, 3rd Floor, Culver City, California 90232.

13. Upon information and belief, the members of Easy Financial are:

    a. An individual, Benjamin Done, a California resident

    b. An individual, Lida Kohansameh, a California resident.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. § 1332(a) because this action is between limited liability companies whose respective members are citizens of different states with a matter in controversy exceeding $75,000, exclusive of interest and costs; and 28 U.S.C. § 2201(a) (Declaratory Judgment).

15. Venue is proper in, and Defendant is subject to the personal jurisdiction of this Court because Defendant engages in business in this District and this dispute arises under a contract which expressly provides for exclusive jurisdiction in this Court. *See* Master Mortgage Loan Purchase Agreement § 15.

## FACTUAL ALLEGATIONS

### A. Churchill and Easy Financial Enter Into Loan Purchase Agreements

16. On or about June 11, 2020, Churchill and Easy Financial executed a Master Mortgage Loan Purchase Agreement. (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as Exhibit 1.

17. Pursuant to the Agreement, Easy Financial, as Seller, agreed to sell to Churchill, as Buyer, from time to time, certain residential first lien mortgage loans, inclusive of the related Servicing Rights.

18. The Agreement does not obligate Churchill to purchase any mortgages. Instead, under the Agreement, Easy Financial, from time to time, presents mortgage(s) to Churchill for the purpose of Churchill to purchase the offered mortgage(s) for a Related Price. Churchill, upon

being offered to purchase a mortgage, has five (5) business days to decide whether to purchase the mortgage from Easy Financial.

19. Section 4.01 of the Agreement provides, in part, that Churchill shall pay to Easy Financial, within ten (10) business days of receipt from the underlying Mortgagor, received interest Churchill receives on the loan.

20. With each Transaction, Easy Financial represents and warrants to Churchill that it had "full right and authority to transfer, sell and assign the Mortgage Loan to [Churchill] free and clear of any encumbrance . . . [and] lien . . ." *See* Agreement, § 7.01(h).

21. Further, under Section 7.01(i) of the Agreement, Easy Financial represents and warrants that the "Mortgage is a valid, subsisting, enforceable and perfected first lien and first priority security interest on the related Mortgage Property . . . [and] [t]he related Mortgaged Property was not, at the time of origination of such Mortgage Loan, subject to a mortgage deed of trust, deed of secure debt, or other security instrument creating a lien senior to the lien of the Mortgage."

22. In addition, Easy Financial represents and warrants with each Transaction that the loan, "is not in default, and no event or condition exists that after the giving of notice or lapse of time or both, would constitute an event of default under any material mortgage, indenture, contract, agreement, judgment, or other undertaking, to which [Easy Financial] is a party or which purports to be binding upon it . . . " *See* Agreement, § 7.02(g).

23. Easy Financial also represents and warrants under the Agreement that "[t]here has been no material adverse change in the business operations, financial conditions, or assets of the Seller since the date of the Seller's most recent financial statements." *See* Agreement, § 7.02(n).

24. If any of Easy Financial's representations and warranties are incorrect, Easy Financial is required, pursuant to Section 7.03 of the Agreement, to cure any defects within five (5) days and, if not cured, to repurchase the Mortgage Loan.

25. Moreover, under Section 7.06 of the Agreement, "if the Mortgagor is delinquent (as determined using the MBA methodology), in making the first or second monthly payments due to [Churchill] after the date the Mortgage Loan was sold to [Churchill], [Easy Financial] shall promptly (and in any event within five (5) days of receipt of notice from [Churchill]), repurchase such Mortgage Loan from [Churchill] at the related Repurchase Price."

26. On August 10, 2020, Churchill and Easy Financial executed a Master Repurchase Agreement and Securities Contract (the "Repurchase Agreement").

27. Under the Repurchase Agreement, Easy Financial agreed to repurchase the Mortgage Loans that were sold to Churchill at a date certain. Each purchase was referred to as a Transaction, pending the repurchase.

28. During the period in which a Transaction was pending, *i.e.*, the period *after* Churchill purchased a loan, but *before* Easy Financial repurchased the loan, the Agreement provides that "all right, title and interest" in the mortgages rested with Churchill.

**B.** **Churchill Discovers That Easy Financial Is In Breach of The Agreement**

29. In or about March 3, 2022, Churchill purchased a Mortgage Loan from Easy Financial related to the Church Street Property for $4,012,614.55 (the "Church Street Purchase").

30. On or about February 4, 2023, Churchill discovered that at the time of the Church Street Purchase, there was a senior lien encumbering the Church Property. Specifically, Churchill learned that that a certain Deed Trust, dated July 26, 2019, made by Ocean Avenue Real Estate

Fund LLC, as grantor, in favor of Saratoga Real Estate Investments LLC, as beneficiary, in the amount of $850,000, which was recorded on May 19, 2020, as Instrument No. 2020-K932103-00.

31. Upon information and belief, Easy Financial's actions to sell the Church Street Property to Churchill after it had already been sold to another purchaser was part of a larger scheme by Easy Financial to defraud investors.

32. In late 2022, Churchill discovered that Easy Financial had concocted and executed a flagrant and illegal scheme to defraud Churchill and enrich itself. Specifically, Easy Financial and its managing member, Mr. Donel, assigned some of *the very same loans that Buyer had purchased* under the Facility to entities that were wholly owned by Mr. Donel.

33. Upon learning of this plot, Churchill immediately contacted Easy Financial and its principal, Donel, demanding an explanation. Rather than offer some justifiable excuse for its brazen conduct (there is none), Easy Financial, through Donel, admitted to the scheme to resell Loan Mortgages that had been sold to other buyers.

34. Upon learning of Easy Financial's deceit in selling the Mortgage Loan related to the Church Street Property, it was also discovered that the Mortgagor was delinquent in making the first or second monthly payment that was due to Churchill after it had purchased the Mortgage Loan for the Church Street Property.

35. In or about July 15, 2021, Churchill purchased a Mortgage Loan from Easy Financial related to the 83rd Street Property for $629,800 (the "83rd Street Purchase").

36. After learning of Easy Financial's scheme and as a result of Churchill's investigation, it was discovered on or about March 9, 2023 that the Mortgagor was delinquent in making the first or second monthly payment that was due to Churchill after it had purchased the Mortgage Loan for the 83rd Street Property.

37. In or about March 17, 2022, Churchill purchased a Mortgage Loan from Easy Financial related to the 8th Avenue Property for $1,163,000 (the "8th Avenue Purchase").

38. After learning of Easy Financial's scheme and as a result of Churchill's investigation, it was discovered on or about March 8, 2023 that the Mortgagor was delinquent in making the first or second monthly payment that was due to Churchill after it had purchased the Mortgage Loan for the 8th Avenue Property.

### C. Churchill Demands Easy Financial Repurchase Mortgage Loans

39. On March 1, 2023, Churchill sent a letter to Easy Financial demanding that it repurchase the Church Street Property because Easy Financial was in breach of at least two (2) representations made when the Church Street Property was purchased in 2022 (the "March 1 Demand").

40. Specifically, at the time the Church Street Purchase, there was an existing deed of trust senior in position to Churchill's deed that encumbered the property.

41. At the time of the Church Street Purchase, Easy Financial did not have the full right and authority to sell the Mortgage.

42. In addition, Churchill demanded, pursuant to Section 7.06 of the Agreement, that the Mortgage Loan for the Church Street Property be repurchased because the Mortgagor was delinquent in making its first or second monthly payment due to Churchill after the purchase of the Mortgage Loan.

43. On March 2, 2023, Churchill sent a letter to Easy Financial demanding, pursuant to Section 7.06 of the Agreement, that it repurchase the 8th Avenue Property because the Mortgagor was delinquent in making its first or second monthly payment due to Churchill after the purchase of the Mortgage Loan (the "March 2 Demand").

44. On March 3, 2023, Churchill sent a letter to Easy Financial demanding, pursuant to Section 7.06 of the Agreement, that it repurchase the 83rd Street Property because the Mortgagor was delinquent in making its first or second monthly payment due to Churchill after the purchase of the Mortgage Loan (the "March 3 Demand").

45. On March 6, 2023, Churchill sent a letter to Easy Financial re-iterating Churchill's demands for Easy Financial to repurchase the Mortgage Loans related to the Properties.

46. In this March 6th Letter, Churchill advised that until Easy Financial's defaults and breaches are cured and the Loan Mortgages repurchased, Churchill will continue to withhold "any amounts owing to [Easy Financial]" including interest payments owed to Easy Financial under Section 4.01 of the Agreement.

47. Notwithstanding the March 1. March 2 and March 3 Demands, Easy Financial has failed to cure their breaches to the Agreement and has failed to repurchase the Loan Mortgages related to the Church Street Property and the 8th Avenue Property.

**FIRST CLAIM FOR RELIEF**

**Declaratory Judgment That Easy Financial is in Breach of
Section 7.01 Of The Agreement Related To The Church Street Property**

48. Churchill repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. This is an action for declaratory judgment pursuant to North Carolina General Statutes Article 26 § 1-253 *et. seq.* for the purpose of determining the rights, status and legal relations of the parties.

50. An actual controversy of a justiciable issue between the parties exists.

51. At the time Churchill purchased the Mortgage Loan related to the Church Street Property, a deed of trust senior in position to Churchill's lien under the Mortgage Loan existed and was recorded on May 19, 2020, as Instrument No. 2020-K932103-00.

52. Upon information and belief, at the time Churchill purchased the Mortgage Loan related to the Church Street Property, Easy Financial was aware of the senior lien on the Church Street Property.

53. Easy Financial, therefore, could not – and cannot – represent and warrant under Sections 7.01(h) and 7.01(i), that it had "full right and authority" to transfer or sell the Mortgage Loan or that the Mortgage Loan was a "perfected first lien."

54. On March 1, 2023, Churchill demanded that the breaches be cured.

55. As of the filing of this action, Easy Financial has failed to cure the breaches.

56. As a result, pursuant to the Agreement, Churchill is entitled to declaratory judgment that Easy Financial breached the Agreement by selling the Mortgage Loan related to the Church Street Property where the property was encumbered by a senior loan and that pursuant to Section 7.03 of the Agreement, Easy Financial is required to repurchase the Loan Mortgage related to the Church Street Purchase.

**SECOND CLAIM FOR RELIEF**

**Declaratory Judgment That Easy Financial is in Breach of
Section 7.06 of the Agreement Concerning the Church Street Property**

57. Churchill repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58. This is an action for declaratory judgment pursuant to North Carolina General Statutes Article 26 § 1-253 *et. seq.* for the purpose of determining the rights, status and legal relations of the parties.

10
Case 3:23-cv-00394-MOC-SCR    Document 1    Filed 06/29/23    Page 10 of 16

59. An actual controversy of a justiciable issue between the parties exists.

60. Under Section 7.06 of the Agreement, the Mortgagor for the Church Street Property was delinquent on paying the first or second monthly payments due to Churchill after the Church Street Purchase.

61. This delinquency is a default under Section 7.06(a) of the Agreement.

62. Pursuant to 7.06 of the Agreement, Easy Financial was required to repurchase the Mortgage Loan for the Church Street Purchase within five (5) days' notice of the default.

63. On March 1, 2023, Churchill notified Easy Financial of the default due to the Mortgagor's delinquency in paying the first or second monthly payment related to the Church Street Property.

64. As of the date of this action, Easy Financial has not repurchased the Loan Mortgage related to the Church Street Purchase.

65. Pursuant to the Agreement, Churchill is entitled to declaratory judgment that the Mortgagor related to the Church Street Property was delinquent in making the first or second monthly payments due to Churchill after the Church Street Purchase and, therefore, under Section 7.06 of the Agreement, Easy Financial is required to repurchase the Loan Mortgage related to the Church Street Purchase.

**THIRD CLAIM FOR RELIEF**

**Declaratory Judgment That Easy Financial is in Breach of
Section 7.06 of the Agreement Concerning the 8th Avenue Property**

66. Churchill repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67. This is an action for declaratory judgment pursuant to North Carolina General Statutes Article 26 § 1-253 *et. seq.* for the purpose of determining the rights, status and legal relations of the parties.

68. An actual controversy of a justiciable issue between the parties exists.

69. Under Section 7.06 of the Agreement, the Mortgagor for the 8th Avenue Property was delinquent on paying the first or second monthly payments due to Churchill after the 8th Avenue Purchase.

70. This delinquency is a default under Section 7.06(a) of the Agreement.

71. Pursuant to 7.06 of the Agreement, Easy Financial was required to repurchase the Mortgage Loan for the 8th Avenue Purchase within five (5) days' notice of the default.

72. On March 2, 2023, Churchill notified Easy Financial of the default due to the Mortgagor's delinquency in paying the first or second monthly payment related to the 8th Avenue Property.

73. As of the date of this action, Easy Financial has not repurchased the Loan Mortgage related to the 8th Avenue Purchase.

74. Under the terms of Agreement, Churchill is entitled to declaratory judgment that the Mortgagor related to the 8th Avenue Property was delinquent in making the first or second monthly payments due to Churchill after the 8th Avenue Purchase and that pursuant to Section 7.06 of the Agreement, Easy Financial is required to repurchase the Loan Mortgage related to the 8th Avenue Purchase.

# FOURTH CLAIM FOR RELIEF

**Declaratory Judgment That Easy Financial is in Breach of
Section 7.06 of the Agreement Concerning the 83rd Street Property**

75. Churchill repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

76. This is an action for declaratory judgment pursuant to North Carolina General Statutes Article 26 § 1-253 *et. seq.* for the purpose of determining the rights, status and legal relations of the parties.

77. An actual controversy of a justiciable issue between the parties exists.

78. Under Section 7.06 of the Agreement, the Mortgagor for the Church Street Property was delinquent on paying the first or second monthly payments due to Churchill after the 83rd Street Purchase.

79. This delinquency is a default under Section 7.06(a) of the Agreement.

80. Pursuant to 7.06 of the Agreement, Easy Financial was required to repurchase the Mortgage Loan for the 83rd Street Property within five (5) days' notice of the default.

81. On March 3, 2023, Churchill notified Easy Financial of the default due to the Mortgagor's delinquency in paying the first or second monthly payment related to the 83rd Street Property.

82. As of the date of this action, Easy Financial has not repurchased the Loan Mortgage related to the 83rd Street Purchase.

83. Pursuant to the Agreement, Churchill is entitled to declaratory judgment that the Mortgagor related to the 83rd Street Property was delinquent in making the first or second monthly payments due to Churchill after the Church Street Purchase and, therefore, under Section 7.06 of

the Agreement, Easy Financial is required to repurchase the Loan Mortgage related to the 83rd Street Purchase.

## FIFTH CLAIM FOR RELIEF

**Declaratory Judgment That Churchill is Excused From Making Interest Payments Until Easy Financial's Defaults are Cured**

84. Churchill repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

85. This is an action for declaratory judgment pursuant to North Carolina General Statutes Article 26 § 1-253 *et. seq.* for the purpose of determining the rights, status and legal relations of the parties.

86. An actual controversy of a justiciable issue between the parties exists.

87. Easy Financial is in default and material breach of the Agreement with respect to the Church Street Purchase and 8th Avenue Purchase.

88. As a result, Churchill has been damaged and continues to be damaged until Easy Financial cures the defaults and repurchases the Church Street Purchase and 8th Avenue Purchase.

89. Accordingly, Churchill is entitled to declaratory judgment that it is entitled to withhold payment of any interest payments under the Agreement until Easy Financial cures the defaults and repurchases the Church Street Purchase and 8th Avenue Purchase.

WHEREFORE, Plaintiff, Churchill MRA Funding I, LLC, respectfully requests that the Court enter an appropriate Order:

    a. Declaring Defendant, Easy Financial, LLC, breached Sections 7.01(h) and (i) of the Agreement and under Section 7.03 Easy Financial is required to repurchase the Church Street Purchase;

    b. Declaring that the Mortgagor related to the Church Street Property was delinquent in making the first or second monthly payments due to Churchill after the Church Street Purchase and, therefore, under Section 7.06 of the

Agreement, Easy Financial is required to repurchase the Loan Mortgage related to the Church Street Purchase;

c. Declaring that the Mortgagor related to the 8th Avenue Property was delinquent in making the first or second monthly payments due to Churchill after the Church Street Purchase and, therefore, under Section 7.06 of the Agreement, Easy Financial is required to repurchase the Loan Mortgage related to the 8th Avenue Purchase;

d. Declaring that the Mortgagor related to the 83rd Street Property was delinquent in making the first or second monthly payments due to Churchill after the Church Street Purchase and, therefore, under Section 7.06 of the Agreement, Easy Financial is required to repurchase the Loan Mortgage related to the 83rd Street Purchase;

e. Declaring that Churchill is entitled to withhold payment of any interest payments under the Agreement until Easy Financial cures the defaults and repurchases the Church Street Purchase and 8th Avenue Purchase;

f. That costs of this action be taxed to Defendant; and

g. For such other and further relief as the Court shall deem just and proper.

Dated: June 29, 2023
Charlotte, North Carolina

/s/ Paul J. Peralta
Paul J. Peralta (N.C. Bar No. 34622)
Christopher D. Tomlinson (N.C. Bar No. 38811)
MOORE & VAN ALLEN, PLLC
100 North Tyron Street, Suite 4700
Charlotte, North Carolina, 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1024
paulperalta@mvalaw.com
christomlinson@mvalaw.com

-and-

Larry Hutcher (*pro hac admission to be sought*)
William H. Mack (*pro hac admission to be sought*)
DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue

New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
LKH@dhclegal.com
WHM@dhclegal.com

*Attorneys for Plaintiff*